## PEOPLE v SQUIRES

Docket No. 46529. Submitted June 4, 1980, at Lansing.—Decided
October 8, 1980. Leave to appeal applied for.

Defendant, Mark S. Squires, was brought to trial in Clinton
Circuit Court on a charge of unlawfully driving away an
automobile. In his opening statement, defense counsel stated
that a certain witness would testify that he, the witness, was
guilty of the crime and that defendant was not. Furthermore,
defense counsel stated that this particular witness had never
been interviewed, charged or arrested by the police. During the
lunch recess, and before the witness could testify, the prosecu-
tor had the witness arrested on a warrant that was outstanding
against him. Defense counsel moved for a dismissal with preju-
dice on the grounds that the prosecutor had abused his respon-
sibilities and duties and obstructed justice by having the wit-
ness arrested before he could testify and also because the
witness refused to testify after being arrested. The trial court
granted a mistrial stating that the arrest had a chilling effect
upon the witness's testimony and that under the circumstances
the defendant could not be given a fair trial. The case was reset
for trial and defendant moved to quash on the grounds that
double jeopardy barred retrial. The motion was granted, Timo-
thy M. Green, J., the court noting the confusion between
defendant's motion to dismiss with prejudice and the court's
grant of a mistrial. The people appeal. *Held:*

Once placed in jeopardy, a defendant has a right to a deter-
mination of guilt or innocence by the trier of fact unless he
either consents to a mistrial or a mistrial is granted because of
manifest necessity. In this case, defendant did not consent to
the mistrial but rather sought a permanent termination of the
criminal proceedings. There was no manifest necessity to de-
clare a mistrial and the trial court failed to make any explicit

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 180, 194.

76 Am Jur 2d, Trial § 1089.

Double jeopardy as bar to retrial after grant of defendant's motions
for mistrial. 98 ALR3d 997.

[2] 21 Am Jur 2d, Criminal Law §§ 195, 198.

finding that no reasonable alternative to mistrial existed. Under the circumstances, double jeopardy bars retrial.

Affirmed.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

A defendant has a right, once he is placed in jeopardy, to a determination of guilt or innocence by the trier of fact and double jeopardy will bar a retrial for the same offense unless the defendant either consents to a mistrial or a mistrial is granted because of manifest necessity.

2. CRIMINAL LAW — MISTRIAL — CONSENT TO MISTRIAL — SILENCE.

Silence or failure to object to a mistrial does not constitute consent to the mistrial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Jon W. Newman,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people.

*William G. Jackson,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and G. R. CORSIGLIA,* JJ.

PER CURIAM. Defendant was charged with unlawfully driving away an automobile, MCL 750.413; MSA 28.645, and brought to trial on May 1, 1979, before Clinton County Circuit Court Judge Timothy M. Green. In his opening statement, defense counsel stated to the jury that Peter Evans, a witness who defense counsel alleged was never interviewed by the police, never charged, and never arrested, would admit responsibility for the crime. During the lunch recess, and before Evans could testify, he was arrested on a Clinton County warrant which had been issued in February of 1978. Evans was arraigned, counsel was appointed

* Circuit judge, sittng on the Court of Appeals by assignment.

for him, and, after consulting with his attorney, he decided not to testify.

Defense counsel then moved to dismiss with prejudice the case against defendant, contending that the prosecutor's actions denied defendant a fair trial in light of defense counsel's opening statement.

The trial court held a brief hearing during which the prosecutor alleged he arrested Evans, whom they had previously been unable to locate, because defense counsel had incorrectly misled the jury by stating that no charge had ever been brought against Evans and because Evans was about to waive his Fifth Amendment rights without benefit of counsel. The court then found that the arrest had a chilling effect upon Evans's testimony and that defendant would be prejudiced in that he was unable to call the witness. The court granted defendant a mistrial.

When the case was again set for trial, defendant moved to quash, arguing, in part, that double jeopardy barred retrial. The trial court granted the motion to quash, noting the confusion between defendant's motion to dismiss with prejudice and the court's grant of a mistrial. The court accepted the blame for the confusion but commented that it felt the mistrial was in order and was granted *sua sponte* in lieu of defendant's "motion for a mistrial". The people appeal as of right.

On appeal, the people argue that the double jeopardy clause does not bar retrial.

On this record, we are constrained to affirm the decision of the trial court. Defense counsel set the stage for error in his opening statement when he stated to the jury that Evans would incriminate himself and exculpate Squires. Further, defense counsel erroneously stated that Evans was never

sought by the police. The record shows that, while Evans checked with the Michigan State Police and the Ingham County Sheriff's Department, neither he nor defense counsel checked with the sheriff's department of the county having jurisdiction. Indeed, defense counsel does not appear to have personally ascertained if a warrant had been issued for this witness in any of the possible jurisdictions. The trial court acknowledged that it would have had to advise Evans of his Fifth Amendment right not to incriminate himself prior to any testimony. It is doubtful that Evans would have incriminated himself once he was advised of his rights. Defense counsel was treading a fine line between causing an uncounseled witness to incriminate himself and calling an accomplice witness knowing that he would claim his Fifth Amendment privilege and refuse to testify. See *People v Giacalone,* 399 Mich 642; 250 NW2d 492 (1977), and *People v Bashans,* 80 Mich App 702; 265 NW2d 170 (1978).

The prosecutor raised the curtain when he directed that Evans be arrested before he could testify. The timing of the arrest was questionable because it seemed directed at disrupting the defense strategy outlined in defendant's opening statement. However, there was nothing legally improper in the execution of a valid warrant at that time. For different reasons, it would also have been questionable if the prosecutor had allowed an uncounseled witness to irretrievably incriminate himself.

The trial court committed the final act in the drama when it *sua sponte* granted a mistrial. It is evident that the trial court wrongly believed that defendant was consenting to a mistrial by bringing his motion for "dismissal with prejudice". From

our review of the record, defendant was not entitled to either "dismissal with prejudice" or a mistrial in the circumstances presented. The trial court was forced to admit as much when it concluded that there had been no manifest necessity for a mistrial.

We affirm the trial court, because, once placed in jeopardy, a defendant has a right to a determination of guilt or innocence by the trier of fact unless he either consents to a mistrial or a mistrial is granted because of manifest necessity. *People v Alvin Johnson,* 396 Mich 424, 431; 240 NW2d 729 (1976), *People v Benton,* 402 Mich 47, 63; 260 NW2d 77 (1977).

The arrest of Evans took place after the prosecution had commenced presentation of its proofs. The defense had cross-examined and attempted to impeach Kathy Wyman, the key prosecution witness. It is not within our purview to speculate upon the trial strategy of the defendant's counsel and what his decision might have been if given the opportunity to continue with the trial. Such an opportunity was not given, and, while the trial judge no doubt acted in good faith for the "benefit" of the defendant, it is clear that the silence or failure to object was not consent. *People v Alvin Johnson, supra,* 432; 240 NW2d 732, 734.

Clearly, the defendant here did not consent to a mistrial. Rather, he sought a permanent termination of the criminal proceedings via his self-styled motion for dismissal with prejudice. Not only was there no manifest necessity, but also the court failed to make any explicit finding that no reasonable alternative to mistrial existed. *People v Williams,* 85 Mich App 258, 264-265; 271 NW2d 191 (1978).

Affirmed.